UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24000-BLOOM/Otazo-Reyes

ROTHFOS CORPORATION,

    Plaintiff,

v.

H&H COFFEE INVESTMENTS, LLC,

    Defendant.
_____/

### ORDER ON MOTION FOR SEQUESTRATION OF RENTS

**THIS CAUSE** is before the Court upon Plaintiff Rothfos Corporation's ("Rothfos") Expedited Motion for the Sequestration of Rents, ECF No. [29] ("Motion"), filed on May 15, 2023. Defendant H&H Coffee Investments, LLC ("H&H") filed a Response, ECF No. [32], to which Rothfos filed a Reply. ECF No. [33]. The Court has considered the Motion, the Response, the Reply, the record as a whole, the applicable law, and is otherwise fully informed. For the reasons set forth below, Rothfos's Motion is granted.

    **I.**    **BACKGROUND**

In this action, Rothfos alleges that H&H breached a corporate guaranty that was secured by a mortgage on a warehouse in Miami-Dade County. ECF No. [9]. In addition to seeking damages from H&H, Rothfos seeks to foreclose on that warehouse. *Id*. at 11-14.

In the instant Motion, Rothfos seeks to enforce the mortgage's "assignment of rents" provision, in which H&H agreed to assign to Rothfos "all rents, royalties, issues, profits, revenue, income, proceeds, licenses, concessions, and other benefits from the Mortgaged Property" upon H&H's default. ECF No. [9-5] at 7. Rothfos's Motion relies upon Fla. Stat. 697.07, which

authorizes the Court to order H&H, as the mortgagor, to "deposit the collected rents into the registry of the court, or in such other depository as the court may designate." Fla. Stat. § 697.07(4).

H&H responds that Rothfos's Motion is "premature" because it has not yet been established that this is "a court of competent jurisdiction." ECF No. [32] at 1. H&H argues that, as shown in its Motion to Compel Arbitration and Dismiss, ECF No. [13], "subject-matter jurisdiction remains in dispute" in this case." *Id.* H&H additionally asserts that it has not had an opportunity to develop its affirmative defenses to Rothfos's claims. *Id*. at 2.

In reply, Rothfos points to Fla Stat. 697.07's explicit instruction that a Court may order the sequestration of rents "notwithstanding any asserted defenses or counterclaims of the mortgagor[.]" Fla. Stat. § 697.07(4).

**II.   LEGAL STANDARD**

Fla. Stat. § 697.07 provides a mechanism for mortgagees to request the sequestration of rents in the registry of the court:

> Upon application by the mortgagee or mortgagor, in a foreclosure action, and notwithstanding any asserted defenses or counterclaims of the mortgagor, a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such other depository as the court may designate.

Fla. Stat. § 697.07(4) "To prevail" on a motion for the sequestration of rents, "the plaintiff need only make a bare showing of a pending foreclosure action with an assignment of rents provision." *Branch Banking & Tr. Co. v. Jomar Hudson, LLC*, No. 13-cv-1952, 2014 WL 957134, at *1 (M.D. Fla. Mar. 10, 2014) (citing *Wane v. U.S. Bank, Nat'l Ass'n*, 128 So. 3d 932, 934 (Fla. 2d DCA 2013)). "Before such collected rents are deposited, however, a court may authorize the use of same to: (a) pay the reasonable expenses solely to protect, preserve, and operate the property, including

real estate taxes and insurance; (b) escrow sums required by separate assignment of rents instruments; and (c) make payments to the mortgage." *Id.* (citing Fla. Stat. § 697.07(4)(a)-(c)).

### III.   DISCUSSION

Rothfos asserts that it has made the "bare showing" required for its Motion for sequestration of rents to be granted. ECF No. [29] at 9. Rothfos has credibly alleged that (1) H&H has defaulted under the terms of the Guaranty and Mortgage, ECF No. [29] at 9; (2) the Mortgage contains an assignment of rents provision, assigning to Rothfos "all rents, royalties, issues, profits, revenue, income, proceeds, licenses, concessions, and other benefits from the Mortgaged Property" in the event of default, ECF No. [9-5] at 7; and (3) the Mortgage was publicly recorded. ECF No. [29] at 9.

In response, H&H does not dispute any of Rothfos's three contentions stated in the preceding paragraph. Rather, H&H argues that Rothfos's Motion is "premature" because (1) there is a pending Motion to Compel Arbitration that relates to subject matter jurisdiction, and (2) Rothfos has not had an opportunity to assert its affirmative defenses. ECF No. [32] at 1.

H&H's first argument is a nonstarter because the Court denied its Motion to Compel Arbitration. *See* ECF No. [37]. There is therefore no pending challenge to the Court's subject matter jurisdiction.

As for H&H's second argument, the Court agrees with Rothfos that, for the purpose of Rothfos's Motion for sequestration of rents, H&H's affirmative defenses are irrelevant. ECF No. [33] at 3. The relevant Florida statute explicitly authorizes the Court to grant Rothfos's Motion for sequestration of rents "notwithstanding any asserted defenses or counterclaims of the mortgagor[.]" Fla. Stat. § 697.07(4). To establish entitlement to the relief Rothfos seeks, Rothfos need only make "a bare showing of a pending foreclosure action and an assignment of rents

provision in the applicable mortgage[.]" *Wane*, 128 So. 3d at 934. Rothfos has made that showing in its Motion, which includes the Corporate Guaranty stating H&H's duties toward Rothfos, ECF No. [29-1], the Mortgage over the warehouse which contains an unambiguous assignment of rents, ECF No. [29-2] at 7, and the Final Notice of Default sent to H&H. ECF No. [29-4]. H&H does not contest the authenticity of any of those documents. Accordingly, Rothfos has met its burden of making a "bare showing" of entitlement to the sequestration of rent. *Wane*, 128 So. 3d at 934.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Rothfos's Motion, **ECF No. [29]**, is **GRANTED**. Defendant H&H shall:

1. Deposit rents into the registry for the United States District Court for the Southern District of Florida, less the exceptions as outlined in Fla. Stat. § 697.07(4)(a)-(c), if any;

2. Provide Rothfos with a certified rent roll reflecting all collected Rents received year-to-date for the Property and expenses associated with the Property;

3. Provide Rothfos with a monthly certified rent roll reflecting all collected Rents received from the Property, and all expenses associated with the Property as of the fifteenth (15th) day of each and every month following the entry of the Order; and

4. Provide Rothfos with a receipt for each expense reflected on every certified rent roll.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 16, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record