UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24000-BLOOM/Torres

ROTHFOS CORPORATION,

    Plaintiff,

v.

H&H COFFEE INVESTMENTS, LLC,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Rothfos Corporation's ("Plaintiff") Motion for Leave to Amend Complaint ("Motion"), ECF No. [76]. Defendant H&H Coffee Investments, LLC ("Defendant") filed a Response ("Response"), ECF No. [90], and Plaintiffs filed a Reply ("Reply"), ECF No. [93]. The Court has considered the Motion, the opposing and supporting submissions, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.    BACKGROUND**

This action arises from a contractual dispute between Plaintiff and third-party CLR Roasters, LLC ("CLR"). Plaintiff alleges that, between February 2019 and December 2021, it entered into 49 purchase orders with CLR for 147,950 bags of coffee beans ("Purchase Contracts"). ECF No. [9] ¶ 15. CLR allegedly breached those Purchase Contracts by failing to deliver the coffee beans. ECF No. [9] ¶¶ 17-18. Thereafter, Plaintiff and CLR reached a "Workout Agreement" under which they would "roll over" to the 2021-2022 crop year approximately 33,550 bags of coffee beans that Plaintiff had already paid for. *Id.* ¶¶ 19-20.

On or about December 24, 2021, Defendant executed a Corporate Guaranty ("Guaranty") as a condition to Plaintiff extending further credit to CLR. *Id.* ¶¶ 26, 28. As part of that Guaranty, Defendant granted a mortgage to Plaintiff over a warehouse in Miami-Dade County ("Mortgaged Property"). *Id.* ¶¶ 3, 28. The Guaranty provides, in relevant part, that H&H "absolutely, unconditionally and irrevocably guarantees as primary obligor and not merely as surety, the punctual payment, when due … of all present and future obligations, liabilities, covenants and agreements required to be observed, performed, or paid by CLR[.]" ECF No. [9-4] at 2 ¶ 1. The Guaranty also provides that "[Defendant] agrees that [Plaintiff] need not attempt to collect any Obligations from CLR or any other entity or to realize upon any collateral to enforce the obligations hereunder," and that "[t]he obligations of [Defendant] under this Guaranty are independent of the Obligations and [Plaintiff] may bring a separate action or actions against CLR and or [Defendant] or any other guarantors." *Id.* ¶ 2.

Plaintiff allegedly notified Defendant of CLR's default of the Purchase Contracts and Workout Agreement, but Defendant has failed to cure. ECF No. [9] ¶¶ 39, 40. Plaintiff brings this suit for breach of the Guaranty and to foreclose on the Mortgaged Property that was secured thereunder. *Id.* at 10-12.

On November 6, 2023, Plaintiffs filed the instant Motion seeking leave to file a Second Amended Complaint to add five additional defendants with leasehold interests in the Mortgaged Property—H&H Coffee Export Corp., Cachita Latina Radio Corp., Cachita Universal Studios, Inc., ENTV USA CR Publishing Corp., and ENTV USA, Inc. ("Putative Defendants")—to Count II of the First Amended Complaint.[1] Defendant responds that it does not oppose granting Plaintiff leave to amend, but requests that the Court extend its discovery and pre-trial deadlines to allow

---

[1] Plaintiff also seeks leave to amend in order to delete paragraph 8 of the First Amended Complaint, a "now-irrelevant allegation related to subject-matter jurisdiction." Motion at 1.

2

the Putative Defendants to conduct discovery and engage in motion practice. Plaintiff replies that the Motion should accordingly be granted for good cause shown, and in light of Defendant's lack of opposition.

The Court entered a Scheduling Order on January 31, 2023, ECF No. [17]. The Scheduling Order established a deadline for the parties to amend pleadings or join parties by March 31, 2023. *Id.* The Scheduling Order also established a deadline for the parties to complete discovery by October 3, 2023. *Id.* Plaintiff filed the instant Motion on November 6, 2023, approximately seven months after the Court's March 31, 3023 deadline to amend pleadings. On November 27, 2023, the Court entered its Order Scheduling Trial, ECF No. [98]. The Scheduling Order set this case for trial during the Court's two-week trial calendar beginning on January 29, 2024, with calendar call scheduled for January 23, 2024.[2] *Id.*

## II.   LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not … allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where

---

[2] The Order Scheduling Trial also required the Parties to file deposition filings and designations by January 8, 2024, to file objections or deposition counter-designations by January 12, 2024, and to file a pretrial stipulation, a neutral statement of the case, a joint list of witnesses, witness and exhibit lists, and a list of stipulated facts on or before January 15, 2024. *See generally id.*

allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

When "a motion to amend is filed after a scheduling order deadline, [Federal Rule of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). The "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam); *see also Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014) ("Plaintiffs must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15.") (citing *Sosa*, 133 F.3d at 1419).

"The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa*, 133 F.3d at 1418); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Thus, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d at 1419. First, the movant must demonstrate good cause under Rule 16(b). Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Id.* In this regard, a court's "evaluation of good cause [under Rule 16] is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15." *Id.* (citing *Sosa*, 133 F.3d at 1418). Accordingly, "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Id.*

Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the movant; and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See Sosa*, 133 F.3d at 1419.

Regarding the second step of the analysis, if the movant demonstrates good cause, the court must determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

III. DISCUSSION

The Court accordingly must determine whether Plaintiff has established good cause for filing their Motion over seven months after the Court's deadline to amend pleadings. Plaintiff

5

contends that good cause exists because Defendant did not disclose the existence of the Putative Defendants' lease for the Mortgaged Property until after the deadline to amend pleadings had passed. As stated, Defendant does not oppose granting the Motion, but requests that the Court adjust its Scheduling Order to afford the putative defendants "an opportunity to fully defend themselves, participate in motion practice, and conduct discovery." ECF No. [90] at 1.

As noted, the Scheduling Order imposed a March 31, 3023 deadline to amend pleadings. Plaintiff served Defendant with its initial interrogatories on February 10, 2023. ECF No. [77] ¶ 1. The Parties subsequently agreed to extend Defendant's time to respond to Plaintiff's discovery demands until fifteen days after Magistrate Judge Alicia M. Otazo-Reyes ruled on Defendant's Motion to Compel Arbitration. *Id.* ¶ 2. Judge Otazo-Reyes ruled on the Motion to Compel Arbitration on May 10, 2023, establishing a May 26, 2023 deadline for Defendant to respond to Plaintiff's discovery requests. *See* ECF No. [28]. Defendant's responses on May 25, 2023 and May 26, 2023 represented that it was not in possession of any leases, subleases, or rental agreements from the Mortgaged property, nor was it aware of any such leases or agreements.[3] However, on June 30, 2023, Defendant produced a copy of a 26-year lease for the Mortgaged Property dated July 29, 2021 between Defendant and five Florida corporations—putative defendants H&H Coffee Export Corp., Cachita Latina Radio Corp., Cachita Universal Studios Inc., ENTV USA CR Publishing Corp., and ENTV USA, Inc. ECF No. [77] at 2; ECF No. [77-3].

The Court finds that good cause exists to permit leave to amend. First, Plaintiff explains that it was unable to meet the Court's March 31, 2023 deadline because it agreed to provide

---

[3] On May 25, 2023, Defendant's principal, Alain Piedra Hernandez, stated that he was unaware of the names or addresses of any tenants that leased space at the Mortgaged Property from January 1, 2021 through February 10, 2023. ECF No. [77-1] at 3. Defendant similarly responded to Plaintiff's first request for production on May 26, 2023 by stating that it did not have any "leases, subleases, or rental agreements from the Mortgaged [P]roperty from 2021 through the present[]" in its possession, custody, or control. ECF No. [77-2] at 4.

Defendant with an extension to respond to Plaintiff's discovery requests until after Judge Otazo-Reyes ruled on the Motion to Compel Arbitration. Moreover, Defendant failed to disclose the existence of the putative defendants' lease for the Mortgaged Property in its May 25, 2023 and May 26, 2023 discovery responses, and did not provide this lease to Plaintiff until June 30, 2023. This information was therefore unavailable to Plaintiff until June 30, 2023, after the Court's deadline had passed.[4] Although Plaintiff "certainly did not rush to the courthouse upon learning" of the Putative Defendants' lease for the Mortgaged Property, the Court is "reluctant to find that leave to amend shall not be permitted[]" in light of Defendant's failure to disclose this lease in its discovery responses. *Aceituno v. Carnival Corp.*, No. 20-CV-23935, 2021 WL 1647890, at *3 (S.D. Fla. Apr. 27, 2021). Defendant has also indicated that it will not be prejudiced by the proposed amendment, provided that the putative defendants are permitted to conduct limited discovery and respond to Plaintiff's foreclosure claim.

Plaintiff has thus demonstrated good cause under Rule 16(b). The Court also finds that amending the pleadings is proper under Rule 15(a). For the reasons discussed above, the Court determines that Plaintiff did not unduly delay filing the instant Motion, nor will allowing amendment cause undue prejudice to Defendant. Accordingly, amendment is warranted. Furthermore, the Court agrees that extending its pretrial deadlines is appropriate to afford the Putative Defendants the opportunity to conducted limited discovery and engage in motion practice.

---

[4] Plaintiff presumably could have discovered the existence of the Putative Defendants' lease for the Mortgaged Property without relying solely on Defendant's discovery responses. However, the Court finds that Plaintiff's timely discovery requests for this information and subsequent reliance on Defendant's representations that no such lease existed demonstrates that Plaintiff was reasonably diligent in attempting to ascertain this information before the Court's deadline.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion, **ECF No. [76]**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. [74]**, and Plaintiff's Motion for Summary Judgment, **ECF No. [78]**, are **DENIED as moot**.

3. Plaintiff shall file its Second Amended Complaint and proposed summonses for the Putative Defendants on or before **January 5, 2024**. Plaintiff must perfect service on the Putative Defendants on or before **January 19, 2024**. The Putative Defendants shall file responses to the Second Amended Complaint—and Defendant must file its answer and counterclaim—on or before **February 9, 2024**.

4. The Court's Scheduling Order, **ECF No. [17]**, and Order Scheduling Trial, **ECF No. [98]**, are **AMENDED** as follows:

This case is set for trial during the Court's two-week trial calendar beginning on **August 26, 2024, at 9:00 a.m.** Calendar call will be held at **1:45 p.m. on Tuesday, August 20, 2024**. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**. The parties shall adhere to the following schedule:

| Date | |
|---|---|
| **May 27, 2024** | All discovery, including expert discovery, is completed. |
| **June 10, 2024** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all <u>dispositive motions</u>.** |

| | |
|---|---|
| **August 12, 2024** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record